EL PUEBLO, DEMANDANTE Y APELADO, *v.* DEL VALLE, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción al artículo 328 del Código Penal.

No. 2058.—Resuelto en junio 28, 1923.

DELITOS CONTRA LA SALUD Y SEGURIDAD PÚBLICAS—CHOQUE A CAUSA DE NEGLIGENCIA DEL CONDUCTOR—ACUSACIÓN SUFICIENTE.—Una acusación por violación del artículo 328, enmendado en 1916, del Código Penal, en la que se alega que el choque se debió al descuido del acusado, es suficiente. Dicho artículo establece dos formas de cometer el delito, a saber, una por *imprudencia temeraria* y otra por *descuido,* y cualquiera de ellas que se impute es bastante.

ID.—TRANSCRIPCIÓN—PRUEBA OMITIDA EN LA TRANSCRIPCIÓN.—Cuando la prueba practicada no forma parte de los autos, el Tribunal Supremo no está en condiciones de considerar errores imputados a la corte inferior al hacer el resumen de la prueba.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Rincón & Vizcarrondo.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Se imputó a Andrés del Valle la comisión del siguiente hecho, como constitutivo del delito previsto y castigado en el artículo 328 del Código Penal:

"El referido Andrés del Valle el día 16 de abril A. D., 1922, y en el distrito de Humacao, o sea en la municipalidad de Fajardo, que forma parte del distrito judicial de Humacao, P. R., de una manera ilegal, mientras manejaba el automóvil No. 1808, lo hizo con tal impericia, negligencia y descuido que lo dejó chocar con la yegua que montaban Ricardo Figueroa y Dolores Sabat, produciéndole al primero la dislocación anterior del hombro izquierdo, fractura de los huesos nasales, fractura compuesta conminuta del tercio inferior de la pierna izquierda, fractura de la fíbula izquierda y contusiones en el ojo izquierdo, en la cabeza y en el pecho, y a la segunda, o sea Dolores Sabat, contusiones en el hombro izquierdo."

El acusado fué juzgado por un Jurado y declarado culpable. La corte le impuso diez meses de cárcel. Apeló ale-

gando que la acusación no imputa el delito por el cual fué castigado y que la corte instruyó al Jurado erróneamente.

Argumentando el primer error, sostiene el apelante que la acusación es fatalmente defectuosa porque no expresa que el hecho se cometiera por imprudencia temeraria.

La ley — artículo 328 del Código Penal, tal como quedó enmendado en 1916, Ley No. 51— dice, en lo pertinente, así: "Todo conductor, * * * de cualquier * * * automóvil * * * que, por imprudencia temeraria *o descuido*, lo dejare o hiciere chocar * * * " Y la denuncia, como hemos visto, expresa que el acusado al manejar el automóvil "lo hizo con tal impericia, negligencia y *descuido* que lo dejó chocar * * * " Las itálicas son nuestras.

Sin duda el fiscal al redactar la acusación no tuvo a la vista la enmienda de 1916. La fraseología que usa es la de la ley antigua, pero eso no obstante, consignándose en la acusación que el choque se debió al *descuido* del conductor, es suficiente, porque el artículo enmendado establece dos formas de comisión del delito, a saber, una por *imprudencia temeraria* y otra por descuido y cualquiera de ellas que se impute es bastante.

Con respecto al segundo error, dice el apelante:

"En la página 16 del récord, al exponer la corte la prueba de descargo al jurado, refiriéndose al testigo Félix Orta, les dijo, que el testigo había manifestado primero que iba en el asiento delantero del carro y luego dijo que en una silla de atrás, con lo cual quiso decir al jurado que el testigo se había contradicho, y entendemos que tal proceder de una corte instruyendo al jurado, lo induce no sólo a crear certeza moral de falsedad sobre el contenido de la declaración del testigo sino que previene su ánimo contra todo el resto de la prueba."

No forma parte de los autos la prueba practicada. Siendo ello así, no hay base para resolver el error que se señala. Si el testigo declaró del modo indicado por el juez, ningún error cometió éste. El acusado no puede quejarse de que el

juez dijera la verdad.   La forma empleada no puede soste-
nerse que fuera calculada para dañar al acusado.   Las ins
trucciones se transcriben íntegras y de ellas aparece que el
juez hizo un resumen de toda la prueba practicada, así de la
de cargo como de la de descargo.

Debe confirmarse la sentencia recurrida.

> *Sin lugar el recurso y confirmada la senten-
> cia apelada.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison
y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución
de este caso.